PER CURIAM.
Defense counsel’s Anders[1] brief directs our attention to an inconsistency between appellant’s plea and his adjudication. The written plea agreement indicates that appellant pled guilty to sexual battery of the *943 first degree in violation of “§ 794.(4)(b)” [sic], Florida Statutes (1991). We presume that section 794.011(4)(b) was intended. That section describes a sexual battery in which the offender coerces the victim to submit by threatening to use a deadly weapon or using force likely to cause serious personal injury. It is a first degree felony.
The appellant was charged with a life felony under section 794.011(3), and the court minutes of the plea hearing reflect that appellant pled guilty as charged. The judgment also reflects a conviction of the life felony under section 794.011(3). The sentencing guidelines score sheet shows a conviction of a first degree felony under “section 794.01(4)(b)” [sic].
We remand to the trial court for the purpose of first determining the statute under which appellant wished to enter a plea and then correcting the judgment, if necessary.
REMANDED.
W. SHARP, PETERSON, and GRIFFIN, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).